■ JANET R. PELCHER, Executor of DIANE C. CZEBATOL, Deceased, Respondent, v J. MICHAEL CZEBATOL, Appellant. [951 NYS2d 288]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Joanne M. Winslow, J.), entered February 8, 2011 in a divorce action. The order and judgment granted the motion of decedent for a determination of separate property.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Diane C. Czebatol (decedent) died during the

pendency of this action for divorce commenced by her, whereupon her mother, as executor of her estate, was substituted as the plaintiff. Prior to her death, decedent moved for an order determining that the amount of $149,500 used for the purchase of the marital residence was her separate property, and that she was entitled to a credit in that amount from the proceeds of the sale of the marital residence. Supreme Court properly granted the motion. "It is well settled that a spouse is entitled to a credit for his or her contribution of separate property toward the purchase of the marital residence, including any contributions that are directly traceable to separate property" (*Juhasz v Juhasz*, 59 AD3d 1023, 1024 [2009], *lv dismissed* 12 NY3d 848 [2009] [citations omitted ]), even where, as here, the parties held joint title to the marital residence. Here, decedent established in support of her motion that plaintiff transferred approximately $150,000 in mutual funds to decedent's mutual fund account and that decedent thereafter withdrew funds from that account and deposited the funds into her individual checking account, from which she paid $149,500 toward the purchase of the marital residence (*cf. Fields v Fields*, 15 NY3d 158, 165-167 [2010], *rearg denied* 15 NY3d 819 [2010]; *Baker v Baker*, 32 AD3d 1275, 1275-1276 [2006]). Contrary to defendant's contention, the court properly determined that, although the deed to the marital residence establishes that decedent and defendant owned the property as tenants by the entirety, decedent did not contribute her separate property toward the purchase of the marital residence as a gift to defendant. Present—Scudder, P.J., Fahey, Lindley, Sconiers and Martoche, JJ.